UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------------------------X
WILLIAM GERARDO BISQUET RODRIGUEZ,

                      Plaintiff,                      CIVIL ACTION NO.

        -against-                     COMPLAINT

J DENTAL LABORATORIES LLC and SAM JAE LEE,

                      Defendants.
--------------------------------------------------------------------------X

        Plaintiff William Gerardo Bisquet Rodriguez ("Rodriguez" or "Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants, J Dental Laboratories LLC ("J Dental") and Sam Jae Lee ("Lee") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

        1.        This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*., and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

        2.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

        3.        This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

        4.        Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

7. Defendant J Dental is a domestic limited liability company with its principal place of business located at 50 Passaic Street, Hackensack, New Jersey 07601.

8. Defendant Lee is an individual residing, upon information and belief, in the state of New Jersey.

9. At all relevant times Lee was, and still is, an officer, director, member and/or person in control of J Dental, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

11. Defendants operate in interstate commerce.

12. All Defendants are subject to suit under the statutes alleged above

## IV. Factual Allegations

13. Plaintiff worked for Defendants as an assistant from on or around April 1, 2016 until on or around April 6, 2018.

14. As an assistant, Plaintiff's principal job responsibilities included mixing materials and chemicals to create dental prototypes; creating dental impressions and cement dental models; cleaning his own as well the work areas of other employees; and otherwise assisting dental technicians and other employees as requested.

15. At no time did Plaintiff have the authority to hire, fire, or discipline employees, nor did he make suggestions or recommendations as to the hiring or firing of other employees.

16. Lee retained the sole authority to hire, fire, and discipline employees at J Dental.

### Plaintiff's Work Schedules and Rates of Pay

17. From on or around April 1, 2016 until on or about March 31, 2017, Plaintiff regularly worked five (5) days per week, Monday through Friday, from approximately 6:30 a.m. until between 7:00 p.m. and 8:00 p.m. two (2) days per week, and until 11:00 p.m. three (3) days per week, for a total of approximately seventy-five and one-half (75.5) hours per week.

18. From on or around April 1, 2017 until on or about July 31, 2017, Plaintiff regularly worked five (5) days per week, Monday through Friday, from approximately 6:30 a.m. until 6:00 p.m., for a total of approximately fifty-seven and one-half (57.5) hours per week.

19. From on or around August 1, 2017 until on or around April 6, 2018, Plaintiff regularly worked five (5) days per week, Monday through Friday, from approximately 6:30 a.m. until between 3:00 p.m. and 4:00 p.m., for a total of approximately forty-five (45) hours per week.

20. Plaintiff was not afforded meal or rest breaks throughout his employment with Defendants.

21. From on or around April 1, 2016 until on or around February 28, 2018, Plaintiff was compensated at a fixed weekly salary of $600.00 regardless of the number of hours that he worked each week.

22. From on or around March 1, 2018 until on or around April 6, 2018, Plaintiff was compensated at a fixed weekly salary of $650.00 regardless of the number of hours that he worked each week.

## Defendants' Overtime Violations

23. Plaintiff routinely worked in excess of forty (40) hours per week during his employment with Defendants.

24. However, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular hourly rates of pay for all hours worked in excess of forty (40) hours per workweek.

25. Instead, Defendants compensated Plaintiff at fixed salary and failed to pay Plaintiff for work in excess of forty (40) hours per workweek.

26. Plaintiff did not supervise any employees, nor was he employed in executive, professional, administrative, or outside sales capacities.

27. As a result, Plaintiff was a non-exempt employee under both the FLSA and the New Jersey Wage and Hour Law.

28. For some or all of the relevant time period, Defendants required Plaintiff to sign time cards in order to record the hours that Plaintiff worked each week.

29. Upon information and belief, at all relevant times, Defendants reviewed Plaintiff's time cards.

30. Therefore, Defendants knew or should have known that Plaintiff was routinely working more than forty (40) hours per week.

31. Despite this knowledge, Defendants failed to pay Plaintiff overtime wages for the hours that he worked in excess of forty (40) per workweek.

32. Defendants' refusal to pay Plaintiff all wages owed to him is an intentional and willful violation of federal and state wage and hour laws.

33. Plaintiff sustained substantial damages from the acts and omissions described herein.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

34. Plaintiff repeats and realleges all prior allegations set forth above.

35. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

36. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

37. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a workweek.

38. Instead, Defendants compensated Plaintiff at a fixed weekly salary regardless of the number of hours that he worked each week, and failed to provide Plaintiff with overtime wages for all hours worked in excess of forty (40) hours per workweek.

39. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

40. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of all wages due to him ("liquidated damages").

41. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

42. Plaintiff repeats and realleges all prior allegations set forth above.

43. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to an overtime hourly wage of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) per workweek.

44. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

45. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) per workweek.

46. Instead, Defendants compensated Plaintiff at a fixed weekly salary regardless of the number of hours that he worked each week, and failed to provide Plaintiff with overtime payments for all hours worked in excess of forty (40) hours per workweek.

47. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due to him, along with reasonable attorneys' fees, interest, and costs.

48. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

49.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

50.     Plaintiff repeats and realleges all prior allegations.

51.     At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

52.     Defendants also failed to pay Plaintiff all wages due to him, including overtime wages, not later than the regular payday for the pay period during which he last worked for Defendants, in violation of N.J.S.A. 34:11-4.3.

53.     As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due to him, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

54.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Plaintiff;

c) interest;

d) costs and disbursements; and

e) such other and further relief as is just and proper.


Dated: New York, New York
       April 20, 2018

>                                 */s/ Adam Sackowitz*
>                                 Adam Sackowitz
>                                 Katz Melinger PLLC
>                                 280 Madison Avenue, Suite 600
>                                 New York, New York 10016
>                                 (212) 460-0047
>                                 ajsackowitz@katzmelinger.com
>                                 *Attorneys for Plaintiff*